1  S. BRENT VOGEL, ESQ.
   Nevada Bar No. 006858
2
   **LEWIS BRISBOIS BISGAARD**
3  **& SMITH LLP**
   400 South Fourth Street
4  Suite 500
   Las Vegas, Nevada 89101
5  (702) 893-3383
   FAX: (702) 366-9563
6  bvogel@lbbslaw.com

7  Attorneys for Defendants
   Actavis Totowa, LLC; Actavis, Inc.,
8  Mylan Pharmaceuticals, Inc. and UDL
   Laboratories, Inc.
9
                    **UNITED STATES DISTRICT COURT**
10
                        **DISTRICT OF NEVADA**
11

12 | ORATHAI GLASSER, individually and as Special Administrator of the Estate of Scott Glaser, | Case No.
13 | Plaintiff, |
14 | v. | **NOTICE OF REMOVAL OF DEFENDANTS ACTAVIS TOTOWA LLC, ACTAVIS INC., MYLAN PHARMACEUTICALS INC. AND UDL LABORATORIES, INC.**
15 | ACTAVIS TOTOWA, LLC, a foreign corporation; ACTAVIS, INC., a foreign corporation; MYLAN PHARMACEUTICALS, INC., a foreign corporation; UDL LABORATORIES, INC., a foreign corporation; WALGREEN CO., a foreign corporation; WAL-MART STORES, INC., a foreign corporation; DOES I-X and ROE CORPORATIONS I-X, inclusive, |
16 | |
17 | |
18 | |
19 | Defendants. |
20

21       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants

22 Actavis Totowa LLC ("Actavis Totowa"), Actavis Inc., Mylan Pharmaceuticals Inc. ("Mylan

23 Pharmaceuticals") and UDL Laboratories, Inc. ("UDL Laboratories") ("Defendants"), through

24 undersigned counsel, hereby remove the above-captioned action from the Eighth Judicial District Court

25 of Clark County, Nevada to the United States District Court for the District of Nevada. Removal is

26 warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has

27 original jurisdiction under 28 U.S.C. § 1332.

28       1.    On April 22, 2010, Plaintiff Orathai Glasser, individually and as Special Administrator

4851-8523-6230.1

of the Estate of Scott Glasser, filed an action entitled *Glasser v. Actavis Totowa, LLC, et al.*, in the Eighth Judicial District Court of Clark County, Nevada, Case No. A-10-614961-C. On April 28, 2010, Plaintiff Orathai Glasser subsequently filed a First Amended Complaint. A true and correct copy of the First Amended Complaint ("Complaint") in this action is attached to the Declaration of S. Brent Vogel ("Vogel Declaration") as **Exhibit A**.

2. No proceedings have gone forward in the State Court action.

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. Specifically, there is diversity of citizenship between Plaintiff and Defendants, and the amount in controversy is met.

4. This case involves allegations of personal injury from the use of the pharmaceutical medicine Digitek®. On August 13, 2008, the Judicial Panel for Multidistrict Litigation ("JPML") issued an order under 28 U.S.C. § 1407 establishing an MDL proceeding in the Southern District of West Virginia (MDL-1968) (Judge Goodwin) for Digitek®-related actions. Several hundred Digitek® cases are venued there.

5. As required under the JPML Rules of Procedure, Defendants intend to seek transfer of this action to MDL No. 1968, and will shortly provide the MDL Panel with notice of this action under the "tag-along" procedure in the JPML Rules. *See* Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425 (JPML 2001), Rule 7.2(i). Defendants expect that the JPML will transfer this action to the Digitek® MDL within a matter of weeks after notice of tag-along.

I. **DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

6. To Defendants' knowledge, no Defendant has yet been served with a copy of Plaintiff's Complaint. Accordingly, this Notice of Removal was filed within 30 days of service of the Complaint and is therefore timely under 28 U.S.C. § 1446(b). *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("a party not served need not join" in the removal petition).

7. The Eighth Judicial District Court of Clark County, Nevada is located within the United States District Court for the District of Nevada. Thus, venue is proper in this Court under 28 U.S.C.

§ 108 because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

8. No previous request has been made for the relief requested herein.

9. Under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by Defendants, which papers include the Complaint, are attached to the Declaration of S. Brent Vogel as **Exhibit A**.

10. Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and a copy is being filed with the Clerk of the Eighth Judicial District Court of Clark County, Nevada.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441.

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy for Plaintiff exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A. The Amount In Controversy Requirement Is Satisfied.

12. It is apparent on the face of the Complaint that Plaintiff seeks an amount in controversy in excess of $75,000, exclusive of costs and interest. Plaintiff's Complaint alleges that Scott Glasser ("Decedent") sustained serious injuries that caused extensive pain, suffering and emotional distress and ultimately death due to his use of the drug Digitek®, and that these injuries were proximately caused by Defendants. See Complaint 24, Exh. "A." Plaintiff asserts that Deceden's use of Digitek® "substantially reduced Decedent's ability to enjoy life" and caused him to expend "substantial sums of money for medical, hospital and related care." Id. Plaintiff further alleges that she personally suffered damages including emotional distress and loss of consortium, companionship and society. Id. at 25. In addition to seeking general and special damages, Plaintiff also seeks punitive and exemplary damages for Defendants' alleged "despicable conduct". Id. at 34, Prayer for Relief. Therefore, analyzing the Complaint in a light most favorable to Plaintiff, while not admitting liability for any amount, defense counsel represents to this Court that the amount of damages alleged to be in controversy by Plaintiff in this case more likely than not exceeds $75,000.00, exclusive of interest and

costs. *See Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107-08 (9th Cir. Mar. 31, 2010) ("even though the state court complaint does not specify an amount" it satisfied amount in controversy requirement by requesting damages for, among other things, wrongful death, loss of consortium, negligence and funeral, medical and burial expenses); *Corbelle v. Sanyo Elec. Trading Co., Ltd.*, 2003 WL 22682464 at *3 (N.D. Cal. Nov. 4, 2003) (noting that complaint which "alleges wrongful death or permanent disability or other such facts . . . would clearly establish an amount in controversy in excess of $75,000"); *Campbell v. Bridgestone/Firestone, Inc.*, 2006 WL 707291 at *2 (E.D. Cal. Mar. 17, 2006) (apparent from complaint that amount in controversy met where plaintiffs asserted strict products liability, negligence, and breach of warranty claims against multiple defendants and complaint sought compensatory damages for wage loss, hospital and medical expenses, general damage, and loss of earning capacity); *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272, 296 (S.D.N.Y. 2001) (holding that a "complaint obviously asserts a claim exceeding $75,000" where plaintiffs alleged serious medical complications from ingestion of prescription drug).

**B.     There Is Complete Diversity Between The Defendants And Plaintiff.**

13.     Defendant Actavis Totowa is, and was at the time the Complaint was filed and the case removed to this Court, a Delaware limited liability corporation with its principal place of business in New Jersey. Actavis Totowa's single member is Actavis Inc., a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New Jersey. Accordingly, Actavis Totowa is a citizen of the State of Delaware and the State of New Jersey for the purposes of determining this Court's subject matter jurisdiction.   *See* 28 U.S.C. § 1332(c).

14.     Defendant Actavis Inc. is, and was at the time the Complaint was filed and the case removed to this Court, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New Jersey. Accordingly, Actavis Inc. is a citizen of the States of Delaware and New Jersey for the purposes of determining this Cour"s subject matter jurisdiction. *See* 28 U.S.C. § 1332(c).

15.     Defendant Mylan Pharmaceuticals Inc. is, and was at the time the Complaint was filed and the case removed to this Court, a corporation organized and existing under the laws of the State of West Virginia with its principal place of business in West Virginia.   Accordingly, Mylan

Pharmaceuticals is a citizen of the State of West Virginia for the purposes of determining this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(c).

16. Defendant UDL Laboratories, Inc. is, and was at the time the Complaint was filed and the case removed to this Court, a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois. Accordingly, UDL Laboratories is a citizen of the State of Illinois for the purposes of determining this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(c).

17. Based on publicly available information, Defendant Walgreen Co. is, and was at the time the Complaint was filed and the case removed to this Court, a corporation organized and existing under the laws of the State of Illinois with its principal places of business in Illinois. *See* 28 U.S.C. § 1332(c); Nevada Secretary of State Filing by Walgreen Co. (attached as **Exhibit B** to Vogel Declaration).

18. Based on publicly available information, Defendant Wal-Mart Stores, Inc. is, and was at the time the Complaint was filed and the case removed to this Court, a publicly traded corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Accordingly, Wal-Mart Stores, Inc. is a citizen of the States of Delaware and Arkansas for the purposes of determining this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(c); Nevada Secretary of State filing by Wal-Mart Stores, Inc. (attached as **Exhibit C** to Vogel Declaration).

19. Plaintiff Orathai Glasser alleges that she is a resident of the State of Nevada. *See* Complaint 1, Exh. A. Plaintiff does not allege any alternative state of residency. Accordingly, upon information and belief, Plaintiff is a citizen of the State of Nevada for purposes of determining diversity. Based on this citizenship, there is complete diversity of citizenship between Plaintiffs and named Defendants.

20. The Complaint includes a number of fictitious defendants, whose citizenships are ignored for removal purposes. 28 U.S.C. § 1441(a).

. . .

. . .

. . .

. . .

WHEREFORE, Defendants Actavis Totowa LLC, Actavis Inc., Mylan Pharmaceuticals Inc. and UDL Laboratories, Inc. respectfully request removal of this action from the Eighth Judicial District Court of Clark County, Nevada, bearing Case Number A-10-614961-C to this Court pursuant to 28 U.S.C. § 1441.

Dated this 5 day of May, 2010.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
S. Brent Vogel, Esq.
Nevada Bar No. 006858
400 S. Fourth Street, Ste. 500
Las Vegas, Nevada 89101
Attorneys for Defendants
Actavis Totowa, LLC; Actavis, Inc.,
Mylan Pharmaceuticals, Inc. and UDL
Laboratories, Inc.

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Lewis Brisbois Bisgaard & Smith, LLP and that on this ⁶ᵗʰ day of May, 2010, I did cause a true copy of **NOTICE OF REMOVAL OF DEFENDANTS ACTAVIS TOTOWA LLC, ACTAVIS INC., MYLAN PHARMACEUTICALS INC. AND UDL LABORATORIES, INC.** to be placed in the United States Mail, with first class postage prepaid thereon, and addressed as follows:

Jennifer C. Dorsey, Esq.
Kemp, Jones & Coulthard, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV 89169
Attorney for Plaintiff

By _____
An Employee of Lewis Brisbois Bisgaard & Smith, LLP